[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
IN RE: ESTATE OF SUZANNE KURPIEWSKI CT Page 8933 MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The appellant, Stanley Kurpiewski, filed the present appeal from an order of the Probate Court for the District of Norwalk, dated May 7, 1991, denying admission to probate of a Will of Suzanne D. Kurpiewski (the "decedent") dated May 20, 1988. The reasons of appeal assert that the instrument was the last Will and Testament of the decedent; that decedent was of sound mind when she executed the instrument; and that there is insufficient proof of undue influence allegedly asserted over the deceased. The present appeal was filed in the Superior Court on June 19, 1991.
In an answer to the reasons of appeal, the appellee, Gary Kurpiewski asserts that the decedent was not of sound mind when she executed the document of May 20, 1988; and that she was under the the undue and improper influence, dominion and control of the appellant and therefore the instrument was not the free and voluntary expression of the testamentary intent of the decedent. The answer also alleges that, on June 25, 1991 the probate court admitted to probate the last Will and Testament of the decedent dated June 16, 1969. The appellee asserts the appellant was a party to those proceedings, and failed to appeal the order of the Probate Court. The appellee also alleges since the June 16, 1969 Will has been admitted to probate, the May 20, 1988 instrument cannot, as a of matter of law be considered a valid Will and Testament of the decedent. The appellee has now filed a Motion for Summary Judgment claiming that the admission of the June 16, 1969 Will to probate was not appealed and therefore the appellant is barred by the doctrine of res judicata or collateral estoppel from asserting the claims made in the present appeal.
"If a probate decree has been rendered on proper notice, and no appeal has been taken, the decree may not be set aside or modified by the Probate Court under express statutory authority." Owens v. Doyle, 152 Conn. 199, 205 (1964). At the time that the May 20, 1988 instrument was executed, our statutes provided as follows:
 "When it appears to any court of probate, pending proceedings before it for the settlement of the estate of a deceased person as a testate estate, that the will under which such proceedings were CT Page 8934 commenced and have been continued had been revoked in accordance with the provisions of subsection (b) of section 45-162, (now renumbered 45a-257), the court shall have the power to revoke, annul and set aside any order or decree proving or approving the will so revoked and any other order or decree made and past by such court in the settlement of the estate under such will." General Statutes (rev. to 1987) 45-186(a) (now renumbered 45a-295a)).
"[O]ne obvious purpose of 45-186 is to provide a remedy where the time to appeal has expired. The only limitation put on this remedy under 45-186 is the completion of administration, which has not taken place." Owens v. Doyle, supra at 207. General Statutes 45-162(b) (now renumbered 45a-257(b)) provides that a will may be revoked "by a later will or codicil." Accordingly, the May 20, 1988 instrument, if valid, could constitute the last Will and Testament of the decedent.
"An appeal from probate is not so much an "appeal" as a trial de novo with the Superior Court sitting as a Probate Court and restricted by a Probate Court's jurisdictional limitations." Gardner v. Balboni, 218 Conn. 220, 225 (1991). "At a trial de novo a will's proponent retains the burden of proving, by a preponderance of the evidence, that the will was executed in the manner required by Statute." Gardner v. Balboni, supra, at 225.
If the Superior Court finds, on a trial de novo, that the May 20, 1988 document complies with the statutory requisites of a valid will and satisfies the requirements for the revocation of a prior will, the Probate Court, statutes previously cited, has the power to revoke and set aside by order or decree the will "so revoked".
Accordingly, the doctrines of res judicata or collateral Estoppel do not bar the instant appeal and the appellee's Motion for a Summary Judgment is hereby denied.
RUSH, J. CT Page 8935